United States District Court
Southern District of Texas
**ENTERED**
September 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LOUIS PACK, JR, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:16-cv-75 |
| | § | |
| CAMERON COUNTY SHERIFF, | § | |
| OMAR LUCIO, et al., | § | |
| Defendants. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of the civil rights Complaint filed by Plaintiff Louis Pack, Jr. Dkt. No. 1. For the reasons provided below, Pack's Complaint should be dismissed without prejudice for failure to exhaust his administrative remedies.

### I. Procedural History and Background

On or about April 15, 2016, Pack filed his Complaint in the United States District Court of the Southern District of Texas, Corpus Christi Division. Dkt. No. 1.[1] Pack's Complaint alleges as follows:

---

[1] Pack's Complaint was filed by the Clerk of the Court on April 21, 2016. Dkt. No. 1 at 1. Pack does not certify when he placed his Complaint in the prison mailing system for filing, but it appears he signed his Compliant on April 15, 2016. *Id*. at 5. Regardless of whether the mailbox rule applies absent Pack's certification, Pack's Complaint is still timely because he complains of events allegedly occurring less than two years before

> On the approximate date between May 6—11 of 2014, I Louis Pack Jr. who at the time was being detained as an pretrial detainee in the custody of Cameron County's Carrizales Jail at 7100 Old Alice Road Olmito, TX 78575. I was assaulted and battered to the point of unconsciousness suffering traumatic injuries to the upper and lower jaw, eyes and massive bruising to my head that I can recall by the inmates/pretrial detainees that shared the same housing location as I. All of this occurred due to (1) Racial discrimination (2) Racial disparity (3) Prejudice of my religious faith. By the time security arrived I Louis Pack Jr. was found laying in my own blood unconscious in the dayroom under a table. By the time paramedics arrived is when I came to.

*Id*. at 4 (errors in original). Pack names "Cameron County Sheriff Omar Lucio" and the "Security Personnel" at "Carrizales" as defendants in this lawsuit. *Id*. at 3. He accuses these Defendants of harming him through their "negligence, lack of security, racial disparity, endangerment." *Id*. (errors in original).

Senior United States District Judge Hilda Tagle transferred Pack's case to this Division pursuant to 28 U.S.C. § 1404(a) on April 22, 2016. Dkt. No. 7. Judge Tagle transferred Pack's case "for the convenience of parties and witnesses, and in the interest of justice," because Pack complains of events allegedly occurring in Cameron County. *Id*. at 1. On May 19, 2016, this Court granted Pack's Application to Proceed in District Court Without Prepaying Fees or Costs. Dkt. No. 14. On June 13, 2016, "Defendants Cameron County Sheriff Omar Lucio and Cameron County Jail" filed a "Rule 12(b)(1) and 12(b)(6) Motion to Dismiss With Authority in Support" (hereinafter, "Defendants' Motion"). Dkt.

---

April 21, 2016. *See* Dkt. No. 1 at 4 (complaining of events occurring between "May 6—11 of 2014"); *Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995) (Texas prisoner's pro se complaint deemed filed when it was delivered to prison officials for mailing; and, two-year statute of limitations applied to prisoner's § 1983 claims alleging personal injuries).

No. 18 at 1, 12. Among other things, Defendants argue that Pack's Complaint should be dismissed because he has failed to exhaust his administrative remedies. *Id.* at 7.[2] As of today's date, Pack has not responded to Defendants' Motion.

## II. Discussion

Defendants argue that Pack's Complaint is subject to dismissal because he did not exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Dkt. No. 18 at 7. The PLRA[3] provides that prisoners wishing to sue must first exhaust available administrative remedies before filing a lawsuit. *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002) ("'exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'") (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Specifically, § 1997e(a) of the PLRA states that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

---

[2] Because the Court is recommending that Pack's Complaint be dismissed on the threshold issue of exhaustion, the Court does not address Defendants' remaining arguments.

[3] 110 Stat. 1321-71, *as amended*, 42 U.S.C. § 1997e *et seq*.

Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524; *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 214-15 (2007). Strict compliance with § 1997e(a) is required in this Circuit. *Days v. Johnson*, 322 F.3d 863, 866. Although a prisoner's failure to exhaust his administrative remedies "does not deprive courts of subject matter jurisdiction[,]" the exhaustion requirement is a "rule of judicial administration" which limits "access to the courts[.]" *Dillon v. Rogers*, 596 F.3d 260, 271-72 (5th Cir. 2010) (citations omitted). Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time[.]" *Id*. at 272.

Here, Pack's Complaint confirms that he did not exhaust his administrative remedies. Dkt. No. 1 at 3 (containing Pack's admission that he did not exhaust "all steps of the institutional grievance procedure"). Pack has also failed to respond to Defendants' Motion, or otherwise meet his burden in demonstrating that administrative remedies were unavailable or inappropriate, or that pursuing them would have been futile. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (to be excused from the exhaustion requirement, the prisoner must demonstrate that administrative remedies were "unavailable or wholly inappropriate," or that it would be "patently futile" to pursue them). Accordingly, Pack's Complaint should be dismissed without prejudice for failure to exhaust his administrative remedies. *See Clifford v. Gibbs*, 298 F.3d 328, 333 (district court's

dismissal, without prejudice, of prisoner's failure-to-protect suit for failure to exhaust administrative remedies "was proper").

### III.  Recommendation

It is recommended that Pack's Complaint be dismissed without prejudice for failure to exhaust his administrative remedies.

### IV.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 14th day of September, 2016.

_____
Ignacio Torteya, III
United States Magistrate Judge